

**SO ORDERED.**

**SIGNED this 17th day of July, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| JOHN HAYES, INDIVIDUALLY, AND D/B/A CEDAR RIDGE DEVELOPMENT, D/B/A CEDAR RIDGE HOMES, INC., AND D/B/A CEDAR RIDGE MORTGAGE | 07-50874-C |
| *DEBTOR* | CHAPTER 7 |
| REYNALDO CASAREZ, ROBERT ELIZONDO, BELINDA ELIZONDO, ROGER ESPINOSA, TRACY ESPINOSA, JEFFREY HOGG, ALICIA HOGG, CHARLES LOPEZ, THERESE LOPEZ, SAMUEL PENA, SYLVIA PENA, ROBERT SANCHEZ, NINA SANCHEZ, ERIC STONEBURNER, DANIELLE STONEBURNER, EDWARD TRINIDAD, PATRICIA TRINIDAD, GRAYSON WELCH, AND CARLA WELCH | |
| *PLAINTIFFS* | |
| v. | ADV. NO. 07-5080-C |
| JOHN HAYES, INDIVIDUALLY, AND D/B/A CEDAR RIDGE DEVELOPMENT, D/B/A CEDAR RIDGE HOMES, INC., AND D/B/A CEDAR RIDGE MORTGAGE | |
| *DEFENDANT* | |

## ORDER DENYING MOTION TO DISMISS

CAME ON for consideration the foregoing matter. Defendant claims that the plaintiffs have failed to plead fraud with particularity, such that the complaint should be dismissed. The complaint attaches and incorporates a copy of the plaintiffs' state court lawsuit. That pleading, in turn, details what the plaintiffs claim are facts sufficient to support claims of fraud, violations of the Texas Deceptive Trade Practices Act, breach of contract, and a claim for exemplary damages. The facts alleged amount to the contention that the defendant induced plaintiffs to enter into contracts (and the plaintiffs, in reliance on the inducements, did enter into such contracts, to their detriment). The facts further state that the defendant did not intend to perform the obligations of the contracts, and that such fraudulent intent forms the basis of the fraud alleged.

The facts alleged are sufficiently particular to require the defendant to respond. *See* Rules 7(b), 9(b), FED.R.CIV.P. Rule 9(b) specifically provides that "malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED.R.CIV.P. 9(b). An allegation of fraudulent intent is sufficient to support an action for nondischargeability under section 523(a)(2). *See In re Mercer*, 246 F.3d 391, 407-408 (5th Cir. 2001).[1]

---

[1] Said the court in *Mercer*,
> The Restatement does *not* define "representation"; it does define "misrepresentation", which " denote[s] not *only* words spoken or written but also *any other conduct* that amounts to an assertion not in accordance with the truth". RESTATEMENT (SECOND) OF TORTS, § 525 cmt. b (emphasis added). A misrepresentation can be one of "*fact*, opinion, *intention* or law". *Id.* § 525 (emphasis added). If, as here, the misrepresentation concerns intention to perform an agreement, that intention " *may be expressed* but it is *normally merely to be implied* from the making of the agreement". *Id.* § 530 cmt. c (emphasis added). "[A] promise *necessarily* carries with it the *implied* assertion of an *intention to perform* ". *Id.* (emphasis added). .... A representation of the maker's own intention to do ... a particular thing is fraudulent if he does *not* have that intention." *Id.* § 530(1) (emphasis added). "If he does *not* have it, he must of course be taken to know that he does not have it." *Id.*, § 530 cmt. b (emphasis added); *see also Melancon*, 223 B.R. at 319 ("one always knows his present intentions"). *Id.*

The court is fully aware of the Pandora's box that this holding opens for the law of contract, but it is for the Fifth Circuit to limit or correct the holding, if it sees fit. Until then, the holding is binding on this court. The Fifth Circuit does go on to explain that the plaintiff still has the specific burden to establish with competent evidence *all* of the elements of fraud, including proof of fraudulent intent. *Id.*, at 407 ("the creditor still must prove all of the other elements of fraud, including scienter (knowingly false representation").

Of course, precisely because the plaintiffs bear the burden of proof on all elements of fraud, it will be up to them to develop the evidence to support their cause of action. The law does not require that all such evidence be placed in the original complaint as a prerequisite to bringing such a complaint, else all complaints for fraud would necessarily fail in circumstances where the fraud perpetrator was sufficiently skillful at fraud to *hide* the evidence. Rule 9(b) was not promulgated by the Supreme Court to aid those most adept at covering their tracks. The defendant, of course, is within its rights to probe the factual basis for the plaintiffs' allegations by discovery, or to seek summary judgment after an appropriate period for discovery has been accorded the plaintiffs. The defendant does *not* have the right to utilize a motion to dismiss or a companion motion for definite statement as a substitute for discovery. *See generally*, 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRACT. & PROC. (CIVIL 3D), § 1298 at p. 192 (Thomson West 2004) and cases cited therein.[2]

Because the complaint is sufficiently particular with regard to facts which, under *Mercer*, are in turn sufficient to state a cause of action for fraud, the motion to dismiss must be, and is by this order, DENIED.

# # #

---

[2] Says the Treatise,
[I]t is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading the circumstances of fraud. This is too narrow an approach and fails to take account of the gteneral simplicity and flexibility contemplated by the federal rules and the many cases construing them; in a sense, therefore the rule regarding the pleading of fraud does not require absolute particularity or a recital of the evidence, especially when some matters are beyond the knowledge of the pleader and can only be developed through discovery.

*Id.*